IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAYTONA WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 04-0510-P-L |
| ) | |
| TARGET CORPORATION, et al., ) | |
| ) | |
| Defendant. ) | |

## ORDER

This tort action is before this court for consideration of a dismissal with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  After consideration of the record as a whole, this action is dismissed with prejudice for plaintiff's failure to prosecute this action and to comply with this court's Orders and directives.

This four-count tort action was filed by plaintiff Daytona Williams, an Alabama citizen, on June 23, 2004, in the Circuit Court of Mobile County, Alabama.  *CV-04-2230.*  On August 5, 2004, defendant Target Corporation, a Minnesota corporation ("Target"), removed the action to this federal district court pursuant to 28 U.S.C. § 1332 (doc.1).

Plaintiff alleges that on September 13, 2003, while an invitee in Target, he (a paraplegic confined to a wheel chair) was grabbed by Target employees and used as a human shield in the doorway of the store in an attempt to block shoplifters from fleeing the store.  In the fracas, plaintiff was knocked from his chair, he fell to the ground, and injured his hand, wrist, arm, neck, and back.  Plaintiff

claims: 1) negligence on the part of Target employees, negligent training, and supervision; 2) wantonness on the part of Target employees, wanton training, and supervision; 3) assault and battery; and 4) outrage/intentional infliction of emotional distress.  Plaintiff seeks compensation and punitive damages (doc.1-attached Complaint).

On August 12, 2004, Target filed its Answer (doc.5).

On December 6, 2004, this court entered the Rule 16(b) Scheduling Order (doc.13).  The discovery completion date was set at April 5, 2005.  Id., item 2.  On December 10, 2004, Target filed an Amended Answer (doc.14).

On February 13, 2005, Target filed a Notice of its initial disclosures (doc.15).  On February 22, 2005, Target filed a Notice of deposition of plaintiff; plaintiff was to be deposed on March 8, 2005 (doc.16; see doc.19).

On March 10, 2005, plaintiff's counsel of record Todd S. Strohmeyer, Esq., filed a Motion to Withdraw (doc.17).  As grounds, Mr. Strohmeyer stated that plaintiff and his Firm had "reached completely irreconcilable differences regarding this case in light of recently discovered evidence..." Id. (footnote omitted).

On March 15, 2005, this court noted Mr. Strohmeyer's Motion and "DIRECTED" Mr. Strohmeyer

> to write to plaintiff and advise plaintiff of the proposed Firm withdrawal.  Mr. Strohmeyer is also to advise plaintiff that if the claims herein are to be pursued, plaintiff should obtain new counsel as soon as possible, and to inform plaintiff that the court will not be receptive to any extensions or continuances because of their failure to promptly retain new counsel. The letter is to be mailed certified, return receipt requested; a copy of the letter and the return receipt are to be submitted to this court.  Upon receipt of Mr. Strohmeyer's submission, this court will also write plaintiff regarding *pro se* status and proceeding with this action.

2

  Upon Mr. Strohmeyer's compliance with this Directive, the Motion to Withdraw As Counsel For Plaintiff will be addressed.

(doc.18).

On March 24, 2005, Target filed a Motion For Extension of time within which to depose plaintiff insofar as plaintiff did not appear for his scheduled deposition and his counsel is preparing for withdrawal (doc.19). Target requested that it be allowed to depose plaintiff after the close of discovery. Id.

On March 28, 2005, this court denied Target's Motion but issued an Amended Rule 16(b) Scheduling Order extending the discovery completion date to May 5, 2005 (doc.20).

On May 6, 2005, Mr. Strohmeyer filed Notice of compliance with this court's Directive dated March 15, 2005 (doc.22).

On May 15, 2005, Target filed a Motion For Summary Judgment (docs.23-26). On May 20, 2005, this court noted the Motion and Ordered that any response to the Motion should be filed on or before June 20, 2005 (doc.27). The Order stated that a "[f]ailure to file a timely response to the Motion could result in the Motion being granted." Id.

On May 20, 2005, this court wrote to plaintiff to advise him of his counsel's withdrawal, and to advise him that

> the court will not be inclined to grant extensions of time or to grant continuances for settings due to your delay in securing new counsel. You have 30 days, through , July 7th, 2005, to obtain new counsel. Thereafter, you or your new attorney are to file a response to the defendant's Motion For Summary Judgment on or before ... August 8, 2005. I have instructed the Clerk to send you notices of all settings before the court. You, or an attorney for you, should be present at all such settings. Failure to do so will result in a dismissal for want of prosecution.

3

(See court file, correspondence).  The letter was mailed to plaintiff at his last known address by certified mail return receipt requested.  The return receipt reflects receipt on June 9, 2005.  Id.

On June 7, 2005, this court, after noting Mr. Strohmeyer's compliance with the March 15, 2005 Directive, Ordered that Mr. Strohmeyer's Motion to Withdraw as plaintiff's counsel of record be granted (doc.28).  The Order afforded plaintiff thirty days, until July 7, 2005, to obtain new counsel, and extended the time within which plaintiff was to respond to Target's Motion For Summary Judgment until August 8, 2005.  The Order also "forewarned [plaintiff] that his failure to comply with this Order will be considered an abandonment of this action, and the action will be dismissed."  Id.  The Order was mailed to plaintiff at his last known address by certified mail return receipt requested.  Id.  The return receipt reflects receipt on June 9, 2005 (doc.29).

To date, there has been no notice of appearance filed on plaintiff's behalf, nor has any response to Target's Motion For Summary Judgment been filed, *pro se* or otherwise.

Rule 41(b) provides:  "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action..."  World Thrust Films, Inc. v. Int'l Family Entertainment, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995); Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993).  In addition, this court may dismiss an action sua sponte to "achieve the orderly and expeditious disposition of cases."  Link v. Wabash Railroad Co., 370 U.S. 626, 630-32 (1962); Mingo v. Sugar Cane Growers Co-op of Florida, 864 F.2d 101, 102 (11th Cir. 1989) ("District court possesses inherent power to police its docket.").  However, "the severe sanction of dismissal should be imposed 'only in the face of a clear record of delay or contumacious conduct....'" Rodgers v. Bowen, 790 F.2d 1550, 1552 (11th Cir. 1986) (citation omitted).  "There must also be a finding that less severe

sanctions would not suffice." Id. (citing Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983); Mingo, 864 F.2d at 102 ("dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'")).

Herein, plaintiff was forewarned several times that his failure to comply with this court's Orders would result in the dismissal of his action (docs.27, 28, and by letter dated May 20, 2005). To date, there has been no notice of appearance filed on plaintiff's behalf, nor has any response to Target's Motion For Summary Judgment has been filed, *pro se* or otherwise. Plaintiff has not requested any extension of time within which to seek new counsel or within which to respond to Target's Motion For Summary Judgment. Plaintiff has not contacted this court in any manner regarding this action. This court can only conclude that plaintiff has abandoned his pursuit of this litigation. Thus, this court finds that insofar as plaintiff has failed to comply with this court's Orders, and the Federal Rules, and has abandoned this action, no lesser sanction other than dismissal with prejudice, is warranted.

Accordingly, it is ORDERED that plaintiff's action brought against defendant Target be and is hereby DISMISSED with prejudice pursuant to Fed.R.Civ.P. 41(b).

DONE this 19th day of September, 2005.

       S/Virgil Pittman
       SENIOR UNITED STATES DISTRICT JUDGE